UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael Peter SPITZAUER,
Defendant-Appellant.

No. 16-30095

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12,
2017 Seattle, Washington

Filed May 17, 2017

James A. Goeke, Assistant U.S. Attorney, DOJ-United States Attorney's Office, Eastern District of Washington, Spokane, WA, Rudy J. Verschoor, Assistant U.S. Attorney, USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff-Appellee

Christopher Robert Black, Attorney, Teymur Askerov, Attorney, Law Office of Christopher Black, PLLC, Seattle, WA, for Defendant-Appellant

* This disposition is not appropriate for publication and is not precedent except as provided

Before: McKEOWN, BEA, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Pursuant to the motion of the United States, the district court permitted disclosure of pre-existing business records subpoenaed by the grand jury in criminal proceedings against Michael Spitzauer. We have jurisdiction over Spitzauer's appeal under 28 U.S.C. § 1291, and we affirm.

Where (1) grand jury proceedings have concluded and an indictment has issued; (2) the disclosure is sought for a legitimate purpose; and (3) the requested disclosure is for preexisting business records generated for a purpose other than the grand jury investigation, the disclosure of the requested records does not compromise the integrity of the grand jury process and does not amount to a disclosure of matters occurring before the grand jury. *See United States v. Dynavac, Inc.*, 6 F.3d 1407, 1411–12 (9th Cir. 1993). The facts of this case fall squarely within *Dynavac*'s holding and do not present "a rare and unusual case," where learning which documents the grand jury subpoenaed would disclose information about its deliberative process. *See id.* at 1412 n.2.

**AFFIRMED.**

by Ninth Circuit Rule 36-3.